UNITED STATES of America, Plaintiff,

v.

**Musiliu BALOGUN, et al., Defendants.**

**No. 96 CR 518.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 7, 1997.

See also, 971 F.Supp. 1215.

Steven R. Shanin, Chicago, IL, for Anthony Smith.

Robert Clarke, Chicago, IL, for Kafayat Adedolapo Windokun.

Jerry Kurz, Chicago, IL, for Folake Olukoga.

Donald Young, Donald V. Young & Associates, Chicago, IL, for Jumoke Soneye.

Scott Frankel, Frankel & Cohen, Chicago, IL, for Tajudeen Aroworade.

Linda Amdur, Chicago, IL, for Victoria Olabunmi Onimole.

Gary Ravitz, Chicago, IL, for Mornkat Adola Asanike.

Rick Halprin, Chicago, IL, for Akintoye Sode.

Paul Brayman, Chicago, IL, for Odunyemi Awolesu.

James McGurk, Chicago, IL, for Abimbola Oyenubi.

Kenneth Cunniff, Chicago, IL, for Mukaila Balogun.

Stephen Eberhardt, Chicago, IL, for Adebayo Majekodunmi.

Steven Shobat, Chicago, IL, for Olajumoke Adebimpe Hall.

Eugene Steingold, Chicago, IL, for Tawakali Alausa.

Marianne Jackson, Chicago, IL, Robert Wolf, New York City, for Ronica Douglas.

Michael O'Connell, O'Connell & Ryan, Chicago, IL, for Lucinda Cross–Hill.

Brian R. Havey, Jacqueline Ross, U.S. Attorney's Office, Chicago, IL, for U.S.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are several motions to quash and suppress brought by defendants Anthony Smith, Mornkat Adola Asanike, and Victoria Olabunmi Onimole. Since the motions differ on their facts and legal bases, the court will address each in turn.

### A. Defendant Anthony Smith's motion to suppress post-arrest statements

Defendant Anthony Smith moves to suppress statements allegedly made by Smith to Drug Enforcement Agency Special Agent Daniel Dodds while Smith was in custody after his arrest but prior to his arraignment. In his affidavit in support of Smith's extradition, Dodds stated that he interviewed Smith in the Bangkok jail where Smith was being held. Dodds stated that Smith told him that he had used the name and passport of David Anthony Johnson and a Bangkok mobile telephone number. Dodds also stated that

Smith acknowledged that Balogun had purchased heroin.

Smith contends that he does not understand English well enough to have made the statements attributed to him voluntarily. He contends that he does not know if he was informed of his rights, but believes he was not; that if he was informed of his rights, he did not understand them and did not waive them; that if he was asked questions, he did not understand them; and that he did not make the statements attributed to him.

The government initially responded to Smith's motion by contending that Smith had failed to make a *prima facie* case of the illegality of his purported statements by failing to provide "specific, detailed, and nonconjectural facts" about what occurred at his interview sufficient to justify relief. However, in his reply and an affidavit attached to it, Smith provided a more detailed account of the basis of his motion. Smith also claimed that he has insufficient information to give more details about his post-arrest interview because he did not understand what occurred at it and because his counsel had not yet received copies of the statements Smith allegedly made and reports of the agent or agents who allegedly took the statements.

■ The court agrees with the government that Smith has provided very little factual support for his motion to suppress. However, Smith's explanation for his lack of detail goes to the crux of his motion—that he did not understand what occurred at the post-arrest interview because of his inability to understand English well, and because of his lack of understanding of what occurred at his interview, he did not voluntarily make any statements.

The court agrees with both Smith and the government that a hearing is necessary to resolve Smith's motion to suppress. Consequently, the court grants the parties' requests for an evidentiary hearing to determine whether Smith voluntarily made the statements attributed to him by the government; sets the hearing for August 11, 1997, at 10:00 a.m.; and will decide Smith's motion to suppress thereafter.

## B. *Defendant Morikat Adola Asanike's motion to quash arrest and suppress evidence*

Defendant Mornkat Adola Asanike moves to quash her arrest and suppress the evidence garnered because of her arrest, which she claims was effected without a valid search or arrest warrant or probable cause to believe she had committed a crime.

Specifically, Asanike claims that she was arrested on October 11, 1996; that her arrest was made without the authority of a valid search or arrest warrant, and without probable cause; that she made verbal and written statements during the arrest and her subsequent detention; that, following her arrest, she was coerced into consenting to a search of the apartment where she was arrested; and that during her arrest and subsequent detention, law enforcement officers became aware of the existence of physical evidence and witnesses that linked Asanike to a crime. Asanike claims that her arrest and any evidence acquired because of it must be excluded as products of an unreasonable search and seizure.

The government initially contended that Asanike failed to support her contentions with a sworn statement or affidavit, and therefore failed to meet her burden of making a *prima facie* showing of the illegality of her arrest. However, the court allowed Asanike to amend her motion to quash and suppress by including an affidavit stating that the allegations contained in the motion were true in fact and substance. This mooted the government's first argument.

■ The government also contends that Asanike consented to a search of 7309 North Ashland, Chicago, Illinois, prior to her arrest; that agents did not coerce her consent; that during the search, the agents discovered heroin inside and just outside of the premises; and that the agents had probable cause to arrest Asanike after discovering the heroin. Thus, the government's version of the events surrounding Asanike's arrest differs substantially from Asanike's version, and if true, shows that Asanike's arrest was legal.

However, because the allegations in Asanike's motion and accompanying affidavit

contradict the government's account of her arrest, they raise material issues of fact regarding her arrest. The court finds that the issues cannot be resolved without an evidentiary hearing.

Accordingly, the court grants the parties' requests for an evidentiary hearing regarding the events leading to the search of 7309 North Ashland, Chicago, Illinois, and Asanike's arrest; sets the hearing for August 11, 1997, at 10:00 a.m.; and will decide Asanike's motion to quash and suppress thereafter.

### C. *Defendant Victoria Olabunmi Onimole's motion to suppress evidence derived from pen register and trap and trace device*

Defendant Victoria Olabunmi Onimole moves to suppress any evidence derived from the installation and use of a pen register and trap and trace device on a cellular telephone number registered in Onimole's name. Onimole claims that the application for the pen register and trap and trace device violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 3121–27.

The Electronic Communications Privacy Act requires a person to obtain a court order before installing or using a pen register or trap and trace device. 18 U.S.C. § 3121(a). An attorney for the United States may apply for such an order "in writing, under oath or equivalent affirmation." 18 U.S.C. § 3122(a). The application must include the identities of the applying attorney and the law enforcement agency conducting the investigation. 18 U.S.C. § 3122(b)(1). The application also must include a certification by the attorney "that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b)(2).

Onimole contends that the government has failed to comply with section 3122(b), and that, based on this statutory violation, the court should exclude any evidence derived from the installation of the pen register and trap and trace device on the cellular telephone registered in Onimole's name.

Onimole fails to point out in what respect the government's application is deficient.

Assistant United States Attorney Jacqueline Ross identified herself as the applicant; stated that she was an attorney for the government; stated that she certified that the United States Drug Enforcement Agency was conducting a criminal investigation of Onimole; and stated the reasons why the government was seeking installation of a pen register and trap and trace device on the cellular telephone registered in Onimole's name. (*See* Mot. to Suppress Ex. 1.) The foregoing complies with the requirements of 18 U.S.C. § 3122(b).

█ It appears that Onimole's only complaint is that the application was not "notarized" or "subscribed or sworn to" by a notary public, where the last page of the application indicated that a notary public would notarize the document. First, section 3122(b) contains no requirement that an application be notarized. Second, Onimole's motion ignores that Ross "declared under penalty of perjury that [the application was] true and correct," and signed the application. (Mot. to Suppress Ex. 1 at 5.) By making that declaration and signing the application, Ross complied with the requirement of section 3122(a) that the application be made "in writing, under oath *or equivalent affirmation.*" 18 U.S.C. § 3122(a) (emphasis added).

In short, nothing about Ross's application for the installation of a pen register and trap and trace device on the cellular telephone number registered in Onimole's name violated the Electronic Communications Privacy Act. Because the pen register and trap and trace device were legally installed and used, the evidence derived from their installation and use was legally obtained.

Accordingly, the court denies Onimole's motion to suppress.

### CONCLUSION

For the foregoing reasons, the court grants the requests of defendant Anthony Smith and the government to hold an evidentiary hearing on Smith's motion to suppress post-arrest statements; grants the request of defendant Mornkat Adola Asanike and the government to hold an evidentiary hearing

on Asanike's motion to quash her arrest and suppress evidence; and denies defendant Victoria Olabunmi Onimole's motion to suppress evidence derived from the pen register and trap and trace device.